UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JONELLE M. BUFORD, MICKELL DAVIS, and CHRISTA BRIDGES, On behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CARE BY CASSIE, INC., CLARK WHEELER, CASSANDRA MICHELLE, and KATHRYN BACON.<br><br>Defendants. | Case No.<br><br>CLASS ACTION |

## COMPLAINT

**COME NOW,** Jonelle M. Buford, Mickell Davis and Christa Bridges ("Plaintiffs"), on behalf of themselves, and all others similarly situated, by and through counsel, and for their Complaint against Care by Cassie, Inc., Clark Wheeler, Cassandra Michelle and Kathryn Bacon hereby state and allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, on behalf of themselves and all others similarly situated, bring this action against Defendants for unpaid minimum wage and overtime compensation, and related penalties and damages.

1

2. Defendants' policy and practice is to deny minimum wages and overtime pay to Direct Support Professionals (herein after, DSP) at the approximately twenty homes where they provide care. Defendants' failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

3. Plaintiff Buford has worked as a DSP for Defendant for approximately one (1) year.

4. Plaintiff Davis has worked as a DSP for Defendant for approximately one (1) year to the present.

5. Plaintiff Bridges has worked as a DSP for Defendants for approximately (1) year.

6. This lawsuit is brought as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA and a class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

8. This Court has personal jurisdiction because Defendants has been conducting business in Missouri, and Plaintiffs was/are employees, working for Defendants, within this judicial district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants conduct business, and have substantial business contacts in Jackson County, Missouri, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

10. Plaintiffs are residents of the State of Missouri.

11. At all relevant times, Plaintiffs were employed as DSPs for Defendant in Missouri.

2

12. Defendant, Care by Cassie, Inc., is a corporation organized under the laws of Missouri, with principal places of business located in the State of Missouri.

13. Defendants Clark Wheeler, Cassandra Michelle and Kathryn Bacon are the owners, corporate officers, principals, and/or primary decision makers of Care by Cassie, Inc.

14. Accordingly, they have generally acted in the interest of employers with respect to employees and are thus also considered employers within the meaning of the FLSA.

15. At all times relevant to this action, Defendants operated care facilities under the brand name Care by Cassie.

16. At all times relevant to this action, Defendants were authorized to do business and were in fact doing business in the State of Missouri.

17. At all relevant times, Defendants were the employer of Plaintiffs, and all other similarly situated employees, and are thus liable to Plaintiffs, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

18. As an employer, Defendants are responsible for proper payment of wages under the FLSA and relevant state laws.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

19. Plaintiffs bring Count I, the FLSA claim for servers as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and of the following class of persons:

> All DSPs employed by Defendants within three years from the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been properly paid overtime compensation, at one-and-one-half times the minimum wage, for all work performed in excess of forty hours per week and/or whose tips were improperly pooled in violation of the FLSA.

3

20. Plaintiffs bring their state law claims in Count II (Mo. Rev. Stat. 290.500, *et. seq.*) and Count III (unjust enrichment / quantum meruit) as a class action pursuant to Fed. R. Civ. P.

20. Plaintiffs, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendants' practice of compensating Plaintiff and others similarly situated. The Rule 23 classes are each defined as:

> All DSPs employed by Defendants in the state of Missouri within three years of the filing of this action.

21. The class satisfies the numerosity standards in that the class numbers. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail.

22. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    a. Whether all class members were paid minimum wage, under Federal and Missouri State law;

    b. Whether all class members were paid one and one-half times their hourly rate for all hours of overtime worked;

    c. Whether Defendants provided the proper notice to class members in order to take the tip credit;

    d. Whether Defendants knew or had reason to know its policies and compensation practices were unlawful, and

    e. Whether Defendants retained a benefit from such unlawful policies and compensation practices.

23. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

24. Plaintiffs' claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiffs and were subject to the same or similar unlawful practices as the Plaintiffs.

25. Class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

26. The Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiffs acting as Class Representatives and their undersigned counsel, who have experience in employment and class action lawsuits.

27. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

28. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

29. Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging Defendants' FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

30. To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I

### Violation of the Fair Labor Standards Act

### (Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)

31. Plaintiffs re-allege the allegations as set forth above.

32. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

33. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

34. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and its employees are engaged in commerce.

35. At all relevant times, Defendants have been, and continue to be "employers" within the meaning of the FLSA, 29 U.S.C. § 203.

36. At all relevant times Clark Wheeler, Cassandra Michelle and Kathryn Bacon have been corporate officers, and has maintained operational control over Care by Cassie, Inc.

37. Additionally, at all relevant times, Clark Wheeler, Cassandra Michelle and Kathryn Bacon have been owners of Care by Cassie. They help guide company policies, instructs management, and is involved in ultimate corporate decision-making.

38. At all relevant times, Clark Wheeler, Cassandra Michelle and Kathryn Bacon and have been, and continues to be "employers" within the meaning of the FLSA, 29 U.S.C. § 203.

39. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiffs and all similarly situated employees.

40. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

41. Plaintiffs were employed by Defendants. During this time frame, Plaintiffs performed work for Defendants in the position of a DSP.

42. During the statutory period, Plaintiffs were paid an hourly wage ranging from approximately $16.75 per hour to $17.75.

43. Prior to and during Plaintiffs' employment with Defendants, Defendants employed numerous other DSPs who had the same job duties and compensation structure as Plaintiffs.

44. Plaintiffs and all similarly situated employees have substantially similar job requirements and pay provisions and are subject to Defendants' common policy and practice of refusing to correctly pay overtime wages in violation of the FLSA.

7

45. The FLSA requires employers such as Defendants to compensate Plaintiffs, and all other non-exempt employees, overtime compensation at a rate of not less than one-and-one-half the minimum wage, for work performed in excess of forty hours in a work week.

46. Plaintiffs and all similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

47. At all relevant times, Defendants have had a policy of not paying for all overtime hours worked.

48. Defendants' failure to properly compensate Plaintiffs and all others similarly situated under overtime rules constitutes a violation of the Fair Labor Standards Act minimum wage requirements, 29 U.S.C. §§ 201, *et. seq.*

49. Defendants' violation of the FLSA is continual in nature; in that Defendants continue to pay its DSPs under the same unlawful policies and procedures that are set forth in detail herein.

50. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act

willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforesaid violations of the FLSA's overtime pay provisions, proper minimum wage and overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated employees. Accordingly, Plaintiffs, and all others similarly situated, seeks damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiffs and all similarly situated employees demand judgment against Defendants and pray this Court:

- a. Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action:
- b. Award Plaintiffs and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);
- c. Award Plaintiffs and all similarly situated employees' pre-judgment and post-judgment interest as provided by law;
- d. Award Plaintiffs and all similarly situated employees' attorneys' fees and costs as allowed by Section 216(b) of the FLSA;
- e. Issue a declaration that Defendants have violated state and federal law; and
- f. Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

**COUNT II – VIOLATIONS OF STATE WAGE LAWS**

9

**(Mo. Rev. Stat. 290.500, et. seq.; Mo. Code Regs. Ann. Tit. 8, § 30-4.020)**

53. Plaintiff incorporates the foregoing paragraphs as if more fully set forth herein.

54. Plaintiff and the putative class were employed by the Defendants and were paid wages below the minimum wage pursuant to the state laws of Missouri.

55. Said work often required Plaintiff and the putative class to work in excess of forty (40) hours per week.

56. Plaintiff and the putative class were not properly compensated for this work at the applicable rate of pay.

57. Plaintiff and the putative class were treated as non-exempt employees by the Defendants.

58. Defendants employ/employed other employees as DSPs who are/were paid below the minimum wage requirements and were treated as non-exempt employees under the wage statutes in Missouri. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

59. These "similarly situated" employees were compensated at an hourly rate of $12.00, for 40 hours per workweek, regardless of how many hours they acutally worked, resulting in a deficiency of minimum wage and overtime, due and owing.

60. The state wage laws in Missouri require each covered employer, such as Defendants, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

61. These employees are similarly situated in that they are all subject to Defendants' identical compensation policies and plan that fail to compensate them full minimum wage for time

10

worked or time-and-a-half for overtime hours worked.

62. These employees are also similarly situated in that they are all subject to Defendants' identical compensation policies and plan that requires them to not report time in excess of 40 hours even when they work more than 40 hours per workweek.

63. This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiff because her claims are similar to the claims of the putative class members.

64. The names and addresses of the putative class members are available from Defendants. The Defendants failed to compensate Plaintiff and the putative class members at the proper rate of pay, and therefore, Defendants have violated, and continues to violate, the State Wage Laws.

65. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the putative class, seek damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensations at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the state wage laws Missouri.

66. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the putative class, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants.

WHEREFORE, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

    a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

    b. Designation of Plaintiffs Buford, Davis and Bridges as Representative Plaintiffs,

acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages up to and including treble damages where applicable, less the amounts actually paid to the Plaintiff and the putative class by the Defendants;

e. Costs and expenses of this action incurred herein;

f. Reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further relief as this Court deems necessary, just and proper.

## **COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT**

67. Plaintiffs reallege and incorporate by reference each and every allegation and averment set forth in paragraphs 1 through and including 51 of this Petition as though fully set forth herein.

68. Defendants have been and are being enriched by making deficient payments for work performed by Plaintiffs and other similarly situated employees. Defendants have been and are being enriched at the expense of Plaintiffs and other similarly situated employees because Plaintiffs and others were not properly compensated for their work.

69. Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendants know or should know the proper

12

rate of pay for Plaintiffs and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

70. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiffs and other similarly situated employees.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed class members, pray for relief as follows:

- a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

- b. Designation of Plaintiffs Buford, Davis and Bridges as Representative Plaintiffs, acting for and on behalf of the putative class members;

- c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

- d. An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiffs and the putative class by the Defendants;

- f. Costs and expenses of this action incurred herein;

- g. Reasonable attorneys' fees and expert fees;

- h. Pre-Judgment and Post-Judgment interest, as provided by law; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**Grissom Miller Law Firm, LLC**

/s/ Barry R. Grissom
Barry R. Grissom, MO. Bar No.69537
1600 Genessee Street, Suite 460
Kansas City, MO 64102
Phone: 816-336-1213
Fax: 816-384-1623
barry@grissommiller.com

**The Hodgson Law Firm, LLC**

*/s/ Michael Hodgson*
Michael Hodgson, MO Bar No. 63677
3609 SW Pryor Rd.
Lee's Summit, Missouri 64082
mike@thehodgsonlawfirm.com
T: 816.600.0117

***ATTORNEYS FOR PLAINTIFF AND
THE PUTATIVE COLLECTIVE CLASS***

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JONELLE M. BUFORD, and<br>MICKELL DAVIS<br>On behalf of themselves<br>and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CARE BY CASSIE, INC.<br>CLARK WHEELRE,<br>CASSANDRA MICHELLE, and<br>KATHYRN BACON,<br><br>Defendants. | Case No.<br><br>Electronically Filed<br><br>CLASS ACTION |

## CONSENT TO JOIN LAWSUIT

I hereby consent to be a party plaintiff seeking unpaid minimum wages and overtime pay against CARE BY CASSIE, INC., CLARK WHEELRE, CASSANDRA MICHELLE, and KATHYRN BACON. I further acknowledge that this consent is to be filed to recover unpaid wages I believe I am owed by CARE BY CASSIE, INC., CLARK WHEELRE, CASSANDRA MICHELLE, and KATHYRN BACON and/or related entities, whether in the case in which this consent is initially filed or in any subsequent action that may be filed on me behalf for such recovery. For purposes of pursuing my minimum wage and overtime claims against these Defendants, I choose to be represented by Grissom Miller Law Firm LLC, and any other attorneys with whom they may associate.

_Jonelle Buford_
Full Name (Print clearly)

_Jonelle Buford_    1/3/2024
Signature                Date

DigiSign Verified - 9b0b93e8-3280-4ecf-820/-6110996dcb0a

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JONELLE M. BUFORD, and<br>MICKELL DAVIS<br> On behalf of themselves<br>and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CARE BY CASSIE, INC.<br>CLARK WHEELRE,<br>CASSANDRA MICHELLE, and<br>KATHYRN BACON,<br><br>Defendants. | Case No.<br><br>Electronically Filed<br><br>CLASS ACTION |

## CONSENT TO JOIN LAWSUIT

I hereby consent to be a party plaintiff seeking unpaid minimum wages and overtime pay against CARE BY CASSIE, INC., CLARK WHEELRE, CASSANDRA MICHELLE, and KATHYRN BACON. I further acknowledge that this consent is to be filed to recover unpaid wages I believe I am owed by CARE BY CASSIE, INC., CLARK WHEELRE, CASSANDRA MICHELLE, and KATHYRN BACON and/or related entities, whether in the case in which this consent is initially filed or in any subsequent action that may be filed on me behalf for such recovery. For purposes of pursuing my minimum wage and overtime claims against these Defendants, I choose to be represented by Grissom Miller Law Firm LLC, and any other attorneys with whom they may associate.

| **Mickell Davis** | *Mickell Davis* | 01/03/2024 |
|---|---|---|
| Full Name (Print clearly) | Signature | Date |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JONELLE M. BUFORD, and<br>MICKELL DAVIS<br> On behalf of themselves<br>and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CARE BY CASSIE, INC.<br>CLARK WHEELRE,<br>CASSANDRA MICHELLE, and<br>KATHYRN BACON,<br><br>Defendants. | Case No.<br><br>Electronically Filed<br><br>CLASS ACTION |

## CONSENT TO JOIN LAWSUIT

I hereby consent to be a party plaintiff seeking unpaid minimum wages and overtime pay against CARE BY CASSIE, INC., CLARK WHEELRE, CASSANDRA MICHELLE, and KATHYRN BACON. I further acknowledge that this consent is to be filed to recover unpaid wages I believe I am owed by CARE BY CASSIE, INC., CLARK WHEELRE, CASSANDRA MICHELLE, and KATHYRN BACON and/or related entities, whether in the case in which this consent is initially filed or in any subsequent action that may be filed on me behalf for such recovery. For purposes of pursuing my minimum wage and overtime claims against these Defendants, I choose to be represented by Grissom Miller Law Firm LLC, and any other attorneys with whom they may associate.

_Christa Bridges_
Full Name (Print clearly)

_Christa Bridges_   1/3/24
Signature   Date